UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE YOUNG,<br><br>   Plaintiff,<br><br>   v.<br><br>DANIEL PARAMO,<br><br>   Defendant. | Case No. 16-cv-01220-JST (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR RECUSAL**<br><br>Re: Dkt. No. 7 |

Plaintiff, Jerry Wayne Young, is incarcerated at Mule Creek State Prison following a conviction in the San Diego County Superior Court. Young commenced this action, while housed at the R.J. Donovan Correctional Facility, by filing a "writ of injunction" seeking to prevent his transfer to a different institution. He has been granted leave to proceed in forma pauperis by separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### I.   Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Analysis

It is well-settled that prisoners have no constitutional right to incarceration in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state, or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and Olim, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)). Accordingly, the instant action will be dismissed for failure to state a claim. Dismissal is without leave to amend as it appears amendment would be futile.

## III. Motion for Recusal

Plaintiff has also filed a motion to recuse the undersigned judge on the grounds of judicial bias. He argues that bias is evident from the rulings made against him in Young v. Knipp, C 14-2092 JST (PR) (N.D. Cal.). In that action, plaintiff filed a petition for a writ of mandamus seeking an order compelling the state to provide him with a free transcript of his state criminal proceedings. The Court dismissed the action with prejudice on the ground that federal courts are

1   without power to issue mandamus to direct state courts, state judicial officers, or other state

2   officials in the performance of their duties.  See Demos v. U.S. District Court, 925 F.2d 1160,

3   1161-62 (9th Cir. 1991); In re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001).

4   　　　　　Motions to disqualify, or recuse, a judge fall under two statutory provisions, 28 U.S.C.

5   § 144 and 28 U.S.C. § 455.  Section 144 provides for recusal where a party files a timely and

6   sufficient affidavit averring that the judge before whom the matter is pending has a personal bias

7   or prejudice either against the party or in favor of an adverse party, and setting forth the facts and

8   reasons for such belief.  See 28 U.S.C. § 144.  Similarly, § 455 requires a judge to disqualify

9   himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C.

10  § 455(a), including where the judge "has a personal bias or prejudice concerning a party," id. §455

11  (b)(1).

12  　　　　　A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no

13  further and another judge must be assigned to hear the matter.  See id.; United States v. Sibla, 624

14  F.2d 864, 867 (9th Cir. 1980).  Where the affidavit is not legally sufficient, however, the judge at

15  whom the motion is directed may determine the matter.  See id. at 868 (holding judge challenged

16  under § 144 properly heard and denied motion where affidavit not legally sufficient).

17  　　　　　The substantive test for personal bias or prejudice is identical under §§ 144 and 455.  See

18  Sibla, 624 F.2d at 867.  Specifically, under both statutes recusal is appropriate where "a reasonable

19  person with knowledge of all the facts would conclude that the judge's impartiality might

20  reasonably be questioned."  Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation

21  omitted).  Consequently, an affidavit filed under § 144 will raise a question concerning recusal

22  under §§ 455(a) and (b)(1) as well.  Sibla, 642 F.2d at 867.

23  　　　　　Here, plaintiff's allegations categorically fail to establish any basis, under either § 144 or

24  § 455, for a determination that the Court's impartiality might reasonably be questioned herein, and

25  consequently are insufficient as a matter of law.  Motions for recusal are "limited by the

26  'extrajudicial source' factor which generally requires as the basis for recusal something other than

27  rulings, opinions formed or statements made by the judge during the course of trial."  United

28  States v. Holland, 519 F.3d 909, 913-14 (9th Cir. 2008); see also Sibla, 624 F.2d at 868 (holding

affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source"). Judicial rulings may constitute grounds for appeal, but are not a valid basis for a motion for recusal. See Liteky v. United States, 510 U.S. 540, 555-56 (1994).

Plaintiff's motion is legally insufficient to require recusal and will therefore be DENIED.

## IV.   Other Requests

Plaintiff also appears to seek an injunction that would order his unconditional release and would void certain judgments against him in his San Diego County Superior Court case. These requests have already been addressed in a previous action, Young v. Knipp, 15-0493 SI (PR) (N.D. Cal.), and are dismissed here on the same basis as in the previous action, i.e., as filed in the wrong venue.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b) and as filed in the wrong venue.

The Clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

IT IS SO ORDERED.

Dated: June 17, 2016

_____
JON S. TIGAR
United States District Judge